EDMONDSON, Chief Judge,
dissenting in part:
I think it is useful from time to time to repeat something that Chief Justice Marshall wrote:
It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used.... The reason of this maxim is obvious. The question actually before the court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing *1306 on all other cases is seldom completely-investigated.
Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 399-400, 5 L.Ed. 257 (1821).
A case is no precedent for a proposition that was not in the mind of the court when the ease was decided; given Burrell’s facts, no reason exists to believe the court in Burrell had insider-trading in its mind when it decided Burrell. So, I agree that the district court erred in extending what it read as the holding in Burrell (an employment case) to a materially different kind of case (an insider-trading case) and, then, in concluding that in some way Bur-rell trumped our Adler decision which was an insider-trading precedent.
I concur in today’s judgment, except for reversing the denial of the injunction. For the injunction, the district court applied the correct legal standard and had the important advantage over us of having seen the witnesses and parties firsthand as they testified and made representations to the district court. The grant or denial of injunctive relief “rests within the sound discretion of the trial court and will not be disturbed unless there has been a clear abuse of it.” SEC v. Blatt, 583 F.2d 1325, 1334 (5th Cir.1978).* Especially considering that no finding was made that Scott Ginsburg was personally enriched as a result of the occurrences underlying this case and considering his assurance to the court that he would avoid similar conduct in the future, I cannot say that the district court abused its discretion in denying the injunction. Therefore, I would affirm the denial of the injunction (although if the district court had granted an injunction, I would likely have voted to affirm that decision).

 In Blatt, the Court noted that "[ejxperience has shown that an injunction ... often is much more than [a] 'mild prophylactic’ Id. at 1334 n. 28 (quoting SEC v. Commonwealth Chem. Secs., Inc., 574 F.2d 90, 99 (2d Cir.1978)). The collateral consequences of these injunctions can be severe. And Scott Ginsburg says the consequences will be severe for him, causing him to lose his employment as an officer of a public company.